## Case No. 56.

### ADAMS v. JOLIET MANUF'G CO.

[3 Ban. & A. 1; 12 O. G. 93; Merw. Pat. Inv. 252.]¹

Circuit Court, N. D. Illinois. June, 1877.

PATENTS FOR INVENTIONS—REVERSING MOTION TO PRODUCE DIFFERENT RESULT — SLIGHT CHANGE IN COMBINATION TO PRODUCE SAME RESULT — TECHNICAL DEFECT IN DESCRIPTION.

1. The complainant's invention consisted in reversing the motion of the beater-bars for regulating the feed in a corn-sheller, and by this change produced a result which had not before been attained: *Held*, that the invention was patentable.

2. The courts should not defeat a patent for a mere technical defect in description, if it clearly appears what the inventor has described and claimed as his invention.

3. A change of location of a part, in combination, where there is no new function performed by the changed member in its new location, will not evade a patent. Nor will the fact that the part changed works better in the location where the defendant puts it, than where complainant put it, if it does the same work, but only in degree better, make any difference. The result is the same.

[Cited in Knox v. Great Western Q. M. Co., Case No. 7,907; Consolidated Roller-Mill Co. v. Coombs, 39 Fed. Rep. 34; Schlicht & Field Co. v. Chicago Sewing-Mach. Co., 36 Fed. Rep. 587.]

¹[Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Also partially reported in Merw. Pat. Inv. 252.]

4. Letters patent No. 132,128, granted to Henry A. Adams, October 15th, 1872, for improvement in corn-shellers, held valid.

[In equity. Bill by Henry A. Adams against the Joliet Manufacturing Company for infringement of patent No. 132,128. Heard on bill and answer. Decree for complainant.]

Coburn & Thacher, for complainant.
Mundy & Evarts, for defendant.

BLODGETT, District Judge. This is a bill in equity for an alleged infringement of letters patent of the United States issued to Henry A. Adams, dated October 15th, 1872, for an "improvement in corn-shellers," and prays an account of damages, and injunction.

The complainant's improvement consists in the arrangement of a winged shaft, or "beater-shaft," so geared as to revolve rapidly in the throat of the corn-sheller, for the purpose of driving the ears of corn into the machine. In his specifications his device is described as follows: "This invention relates to an improvement in a corn-sheller patented by Augustus Adams, as described in his letters patent No. 54,659, dated May 15th, 1866. In said patented corn-sheller a winged shaft is placed above the opening in the sheller, and is worked oppositely to the direction of the entering corn in such manner that the said wings strike the upper ear if two ears attempt to enter the throat at once, and throw said upper ear back into position to descend properly, but I have discovered that the ear so thrown back retards the feed, inasmuch as the following ears are likely to override the ears so thrown back, and the difficulty is thus continued. In the present invention, I propose to overcome this objection by forcing all the ears, as they approach the throat, to pass rapidly out of the way into the sheller, by means presently specified. And to this end I arrange a shaft above the throat with a series of wings, wheels or projections, to revolve in the same direction as the entering corn, so as to force the corn rapidly forward into the sheller, which is capable of shelling all the corn that can be forced through the throat. By this means I avoid any chance of clogging the feed under ordinary circumstances." His detailed description of his device is as follows: "H is a shaft, which may be surrounded by the hood R. This shaft carries the beaters or wings P, arranged to revolve in the direction of the arrows (that is, the direction of the feed) shown at Fig. 1 of the drawing. Space enough is left between the revolving wings and the bottom of the throats B to allow of a single ear, as at n, to pass freely beneath without contact, but sufficiently near to strike an overriding ear, as at m, and force it, and other ears in contact therewith, or in the road thereof, ahead rapidly into the sheller, clearing the passage for the corn following." His first claim is as follows: "The combination, with a corn-sheller, of a series of wings, wheels, or projections, so arranged on a shaft as to revolve in the same direction the corn is running, and so placed relative to the throats as to force into the machine all misplaced or hesitating ears, substantially as specified."

It may be premised that the device in question is applicable to a power-sheller only, and is intended to operate in connection with the endless apron or other feeding device, whereby the ears of corn are brought to the throat of the sheller, and the object was to keep the throat of the machine from clogging by forcing the ears into the throat of the machine, instead of allowing them to pile up or override each other at that point. The object was to secure an operative automatic feed, which, without the care of an attendant, would keep the stream of ears of corn steadily and uniformly running into the sheller, instead of permitting it to pile up or choke in the throat.

Augustus Adams had two devices in his machine prior to complainant's invention, intended to accomplish the same purpose. The first were the small picker-wheels, running in the same plane with the shelling-disks, and intended to catch and carry forward the ears as they fell into the throat. The second was a winged shaft, or beater-bar, over the throat of the sheller, so arranged as to revolve in a direction contrary to the direction of the stream of ears of corn, and drive back the overriding ears as they approached the throat. This device was found to do but little toward securing the desired result, as the ears thrust or knocked back only got in the way of others, and the machine was, therefore, still liable to clog, so as to make the feed irregular, and require frequent attention from an attendant. At this stage of the art the complainant entered the field, and although he only reversed the motion of the Augustus Adams beater-bars, yet the evidence shows he produced, by this comparatively trifling change, a result, so far as the automatic feed of a corn-sheller was concerned, which had not been attained before.

The defence, first, denies the novelty of the invention; second, denies the infringement. Upon the question of novelty, evidence has been put into the record of a large number of devices for feeding or regulating the feed of corn-shellers, threshing-machines, straw-cutters, planing-machines, carding-machines, etc. But I do not find in any of them anything which seems to anticipate the complainant's machine. The device of Augustus Adams in form of construction is almost precisely like that of complainant's, except that it revolves in a contrary direction. But when at rest, and without the gearing by which the motion is secured, the two devices would strike the eye as substantially alike. Defendant also insists that the first claim of complainant's patent is anticipated by the picker-wheels, as they

are called, in Augustus Adams' patent; because complainant's claim is for "a series of wings, wheels, or projections, so arranged on a shaft as to revolve in the same direction the corn is running." * * * And it is argued that the claim to use "wheels" on the shaft, necessarily involves the use of wheels revolving over the throat of the sheller, as the picker-wheels revolve in the throat. It may be admitted that the terms used are somewhat unfortunate, and may tend to confuse, but the court should never defeat a patent for a mere technical defect, if it clearly appears what the inventor has described, and claimed as his invention. It seems to me the word wheels is used in this claim as a synonym for disks. The idea of the person who drew the claim, it appears to me, was that the wings or beaters might have disks on each side to help in thrusting the corn forward when they were used. I think, also, the court might, if necessary to save the patent, reject this word as surplusage, although I do not think it necessary to do so in this case, as the patentee in his specification evidently intends to suggest that some kind of wheels or disks may be fixed upon the shaft to act with the beaters; but this is more in the nature of a suggestion than a specific device by which he is bound to construct his machine.

The principle that it is the duty of the court to uphold and sustain the patent, instead of seeking for reasons to overthrow it, is fully sustained. Turrill v. Michigan Southern R. Co., 1 Wall. [68 U. S.] 491; Rubber Co. v. Goodyear, 9 Wall. [76 U. S.] 788; Klein v. Russell, 19 Wall. [86 U. S.] 433; Burden v Corning, [Case No. 2,143.] I do not, therefore, find the complainant's invention anticipated by the picker-wheels of Augustus Adams, nor does it seem to me the first claim of the patent should be held void for the use of the word "wheels."

As to the infringement: The proof shows that defendant makes and sells a machine—complainant's Exhibit C—with a beater-bar revolving at the entrance to the throat of the machine, so as to strike the ears of corn on the under side instead of the top, and so force them into the sheller. And it is claimed by defendant that the function performed by its beater-bar is different from that performed by complainant's. Defendant calls its beater-bar a device for forcing the feed, while complainant's is only a regulator or device for disposing of the misplaced or overriding ears. The models of both complainant's and defendant's shellers show that the ears of corn are brought forward nearly above the throat of the sheller upon an endless apron, and from that dropped or slid down a sharp, almost perpendicular incline, into the throat of the shelling apparatus. It may, I think, be therefore said, that no device for forcing the feed is required in either machine, but what both need is a regulator to prevent the ears from overriding each other and choking up the throat; and it is very plain to me that the defendant's beaters, under the stream of ears of corn, perform the same office, and no other that is performed by complainant's. A change of location of a part, in a combination where there is no new function performed by the changed member in its new location, will not evade a patent. In the case of Potter v. Schenck, before his honor, Judge Drummond, [Case No. 11,337,] an infringement was alleged of the Wilson patent for a sewing-machine feed. By the defendant's device in that case the feed was secured by the pressure of teeth operating upon the top instead of the under side of the cloth, and in reference to this change of mode in effecting the result, the learned judge said: "The question is, whether this is a substantial variation in all or any of its particulars, from the invention of Wilson as described in his specifications of 1856. I have already stated that it is not, and, as it seems to me, on this ground, viz.: that when a mechanic has the leading idea which is developed in Wilson's patent, once thoroughly understood and fixed in his mind, he can carry out that idea in a variety of forms, simply by the exercise of mechanical ingenuity. Here was a great leading principle in the feed of the machine, devised and invented by Wilson. He, to be sure, describes the particular manner in which he carries out that idea; but once get that in the mind and it is clear that you can carry it out in a variety of forms. This is, it may be said, an ingenious variation or difference by which the idea of Wilson is carried out." "The shoe or main part of the feeding apparatus, is not placed beneath the plate upon which the cloth rests, but is on the top of the plate, or, as was contended and I think with a good deal of force, by the counsel for complainants, instead of being placed as Wilson describes it, it was merely reversed. It is clear that that does not change the principle of the invention, and it is clear, too, as already stated, that a mechanic once having the idea in his mind could apply it by adopting a great variety of forms and devices, and this among others."

Nor will the fact that the beater does its work even better in the location where defendant puts it than where complainant puts it, if it does the same work, but only in degree better, make any difference. The result is still the same. The ears are urged into this sheller by the blows they get from these revolving wings, whether they receive them on the top or bottom. And it can make no difference, it seems to me, that defendant's beaters may strike every ear, while complainant's strike only the overriding ones, because, when the stream is running evenly, no blows are needed on either side, and when one ear comes along with another on top of it, it makes no difference

whether the under one or upper one is first driven forward into the sheller, so long as that is the function of the beater; whether it strikes the top or bottom, the result is the same, and secured by substantially the same mechanism. Both these machines force the feed by driving the corn into the sheller and preventing clogging, and both of them regulate it. It, therefore, seems to me that neither of the points made in the answer is sufficient to defeat the patent; that, as the proof in this case stands, the patent is for a novel and useful invention, and that the defendant by its machine infringes the patent.