### Adams *v.* Keystone Manuf'g Co. *et al.*

(*Circuit Court, N. D. Illinois.* June 30, 1888.

**1. Patents for Inventions—Anticipation—Corn-Shellers.**

Letters patent No. 132,128, granted October 15, 1872, to Henry A. Adams, for an improvement in corn-shellers, consisting of a winged shaft at the throat of the corn-sheller, revolving in the direction in which the corn is running, so as to drive the ears of corn, as they are delivered at the throat by the carrier or elevator, into the shelling devices of the machine, are not void for the want of novelty, no device having been brought to the attention of the court anticipating them, though the patent issued to Augustus Adams, May 15, 1866, for a corn-sheller, shows a winged shaft in close proximity to the throat of the machine, revolving in a contrary direction to that of the device in the above patent.

**2. Same—Extent of Claim—Infringement.**

The above letters patent are not confined in their application to high-feed machines, and are infringed by a shaft thickly set with spikes or projections revolving over the throat of a low-feed machine, as the patent states that "it is evident that the form or shape of the beaters or projections upon the revolving shaft may be varied in many ways, and the result accomplished."

In Equity.    Bill for an injunction and accounting for infringement of letters patent.

*Coburn & Thacher,* for complainant. ·
*John G. Manahan,* for defendants.

BLODGETT, J.   The defendants in this case are charged with the infringement of patent No. 132,128, granted October 15, 1872, to Henry A. Adams for "an improvement in corn-shellers," an injunction and accounting for damages being prayed.   The improvement covered by this invention is in placing a winged shaft at the throat of the corn-sheller, revolving in the direction in which the corn is running, so as to drive the ears of corn, as they are delivered at the throat by the carrier or elevator, into the shelling devices of the machine; and infringement is charged of the first claim of the patent, which is:

"(1) The combination with a corn-sheller of a series of wings, wheels, or projections, so arranged on a shaft as to revolve in the same direction in which the corn is running, and so placed relative to the throats as to force into the machine all misplaced or hesitating ears, substantially as specified."

The defenses interposed are:   (1) That the patent is void for want of novelty; and (2) that the defendants do not infringe.   This patent was before the court in the case of the same complainant against the Joliet Manufacturing Company, reported in 3 Ban. & A. 1, and in that case the patent was construed, and a large number of anticipatory devices bearing upon the question of novelty were considered.   In this case the defendants have brought to the attention of the court a large number of anticipatory devices in addition to those considered in the former case; but I do not find in any of the new citations any machine or device which is applicable to corn-shellers, straw or feed-cutters, threshing-machines, cider-mills, or any other mechanical devices which seem, in my estimation, to anticipate the complainant's patent.   As appears upon the face of this patent, and as was shown in the former case, this patent purports to be an improvement upon the machine covered by the letters patent issued to Augustus Adams, on May 15, 1866, for a corn-sheller, where a winged shaft was shown revolving in close proximity to the throat of the machine, for the purpose of aiding the feed, but it revolved in a contrary direction to that of the device covered by this patent; so that this patentee, in effect, did nothing but to change the direction in which the winged shaft should revolve from what was shown in the older patent to Augustus Adams.   But the court was then of the opinion, and still is, that the change was a substantial and meritorious one, and one which was well worthy of a patent, by reason of the improvement which it produced in the operative effect of the corn-sheller.   These views leave nothing further to be considered in this case but the question of infringement.

Defendants manufacture a corn-sheller known to the trade and in the market as the "Keystone Power Sheller," which, it is claimed on the part of the defendants, was made under certain patents granted to Harvey Packer,—six of which are offered in evidence.   The fact that defendants are manufacturing their machines under patents is, of course, no defense

in this case, if they infringe the prior patent of the complainant. In the Augustus Adams machine, and, in fact, as will be seen from the proof, in all power corn-shellers made at the time of his patent, and the issue of the complainant's patent, the ears of corn fed to the machine were delivered into a spout or chute at some distance above the throat, so that the corn was expected to slide or run down this steep chute or slide into the throat of the machine, where it entered the shelling devices; while in the defendants' machine,—and most of the power machines now manufactured, probably, including that made by the Sandwich Company, who operate under the Augustus Adams patent,—what is termed a "low feed" is adopted where the corn is delivered from the carrier directly to the throat of the machine; and it is urged on the part of the defendants that this feed of the defendants' machine distinguishes it from the machine to which the complainant's patent was specially applicable. But I do not see that the manner in which the corn is brought to the throat of the machine has any special bearing upon the functions or office of the complainant's patent. It seems to me it is as applicable to a machine where the corn is brought directly to the shelling devices by carriers as where it is dropped into a chute, and brought to the shelling devices partly by gravity. Indeed, it would seem that some forcing device by which the ears of corn can be driven from the carrier into the throat of the machine is an absolute necessity in all these low-feed machines, including the Sandwich machine, as now constructed, and the defendants' machine; and I see nothing in the specifications or description of the complainant's patent which limits its use or application to a high-feed machine, instead of a low-feed, and, as has already been said, I gather from the testimony in this case, and from the arguments of defendants' counsel, that some forcing device is an absolute necessity in all the low-feed machines, where gravity is not relied upon to aid in conducting the ears of corn into the shelling devices. The complainant's patent shows what he calls "wings" or "beaters" upon the revolving shaft, which are expected to drive the hesitating or misplaced ears into the shelling device; but he also states, "it is evident that the form or shape of the beaters or projections upon the revolving shaft may be varied in many ways, and the result accomplished." The defendants' machine shows a revolving shaft immediately over the throat or entrance to the shelling devices, set somewhat thickly with spikes or projections, the operation of which is to direct and force the ears of corn into the shelling devices. The defendants' counsel, in his brief and argument, calls the defendants' device a "cramming" feed; and I doubt not that a low-feed machine like the defendants' requires the action of this revolving shaft, armed with wings or projections, to force the ears of corn into the shelling devices, even more than the machines which were in use at the time complainant's patent was issued; but, as I have already said, I do not think the use of the complainant's patent is limited to the high-feed machines, but that it is in all respects as applicable to low-feed machines like the defendants'. When used in connection with a low-feed machine, it is probable that the structure may require some modifications, as is suggested

in the quotation I have just given from the complainant's specification; but it seems to me, under his specifications and first claim, that the complainant is not confined to broad wings or beaters, such as are shown in the drawings of the patent, but may use any projections or disks which, when placed at or near the entrance to the shelling devices, will force the ears of corn into those shelling devices, so they may be operated upon. Being, therefore, of opinion that the defendants' spiked shaft at the entrance to the throat of his machine, revolving in the direction in which the corn is running, is substantially the same device covered by the complainant's patent, or such a one as the complainant has a right to construct under his specifications and claims, I must find that the defendants have infringed as charged, and give a decree for an injunction and accounting.