SCHLICHT & FIELD CO. *v.* CHICAGO SEWING-MACHINE CO. *et al.*

(*Circuit Court, N. D. Illinois.* November 5, 1888.)

1. PATENTS FOR INVENTIONS—NOVELTY—LETTER-FILES.

Letters patent No. 217,909, issued July 29, 1879, to Frederick W. Smith and James S. Shannon, for an improvement in paper-holders, cover a novel and patentable device, and are valid. Following *Shannon* v. *Printing Co.*, 9 Fed. Rep. 205.

2. SAME—INFRINGEMENT—COLORABLE CHANGES.

Said patent is infringed by defendants' device, which is in all respects similar, except that the function of movement is transferred from the vibrating wires to the receiving wires, a merely colorable change, which any mechanic might easily make.

3. SAME—WHO ENTITLED TO—ESTOPPEL.

The testimony of one of two joint patentees, and alleged joint inventors, that he was in fact the sole inventor, is neutralized by his former oath, taken for the purpose of obtaining the patent.

In Equity. Bill for infringement of patent.

This bill was brought by the Schlicht & Field Company against the Chicago Sewing-Machine Company, Luke L. Miller, and Daniel H. Iseminger.

*Banning & Banning & Payson,* for complainant.

*M. W. Robinson* and *C. M. Hardy,* for defendants.

BLODGETT, J. The bill in this case asks for an injunction and an accounting by reason of the alleged infringement of patent No. 217,909, granted July 29, 1879, to Frederick W. Smith and James S. Shannon, for an "improvement in paper-holders," The invention covered by this patent is described by the patentees in their specifications as follows:

"Our invention relates to that class of paper-files or temporary binders adapted, by having separable uniting wires, to allow of the withdrawal of any one of many papers thereon held, or the insertion of papers between those already on the file, without disturbing the order in which the others are placed. The object of our invention is to provide a file more prompt and positive in its action, less calculated to tear the papers filed thereon, more convenient of manipulation, and adapted, in its double form, especially, to serve as a writing tablet for the lap or desk. It consists—*First,* in a paper-holder, with duplex parallel hinged transfer wires made from one piece; *second,* in a paper-holder having the fixed wires and movable wires secured to the same connecting plate, whereby those parts may be separately packed and attached to any desired base-board; *third,* in the structure of the puncturing wire; *fourth,* in the felt or plush covering for the bottom of the base-board; *fifth,* in the stop to limit the movement of the hinged wires."

This patent was before this court in the case of *Shannon* v. *Printing Co.,* reported in 9 Fed. Rep. 205, in which the validity of the patent was sustained, and nothing shown in the record in the present case induces me to, in any degree, modify or change the conclusions there arrived at.

Infringement is charged in this case of the first, second, third, fourth, fifth, and seventh claims of the patent, which are:

"(1) The combination, in a paper-holder, of a base-board, two parallel fixed puncturing wires, and two parallel hinged transfer wires, made in a single piece, arranged thereon as shown, to form two parallel rings, adapted to be opened and closed at pleasure, substantially as and for the purposes set forth. (2) In combination with the duplex file or paper-holder, substantially as shown, a rigid connecting part, joining the hinged wires, so that both may be rotated or held by applying force for the purpose to either, substantially as set forth. (3) In combination with the fixed wires, T, and the moveable wires, H, the plate, P, constructed to give hinged support to H at $h$, $h$, and to have the central spring, S, all arranged and adapted to operate substantially as described. (4) The combination, with the fixed wires, T, and hinged wires, H, of the plate, P, having the hinge-arms, R, and the spring-tongue, S, and supporting said wires, T and H, in working position, whereby the working parts of the file or paper-holder are adapted to be applied to any tablet by screws, $a$, $a$, substantially as and for the purposes specified. (5) In a paper-holder having a tubular puncturing wire, sharpened by having its end beveled from one side to the other, and a second wire entering the tube to serve as a transfer wire, the inwardly bent or curved form of the beveled point of the tube, whereby the said point may lie close to the transfer wire, substantially as described, and for the purpose set forth." "(7) In combination with the hinged wires, H, and a spring operating them, as described, a stop, $s$, or stops, $s$ and $s'$, arranged to arrest the throw of the wires, H, substantially as and for the purpose set forth."

Defendants deny infringement of the patent, and also attack the validity of the patent upon the ground that Smith, one of the patentees, has testified in this case that he was the only inventor of the devices covered by the patent, and that Shannon, the other patentee and alleged inventor, had nothing to do with the invention.

In regard to the second matter of defense, which was not considered in the former case, I will merely say that Smith, having applied for a patent as the joint invention of himself and Shannon, should be estopped, as against any *bona fide* owner of the patent, from now defeating it by proof tending to show that he took a false oath, or imposed upon the patent-office for the purpose of obtaining the patent. Proof that Smith was the sole inventor is undoubtedly admissible to defeat the patent, but it must come from some one else than himself; because he has given the patent life by one oath, and cannot now be heard to destroy it by another oath. Certainly, as much faith must be placed in the affidavit which the law required him to make at the time he applied for the patent, showing that the device covered by the application was the joint invention of himself and Shannon, as should now be given to his deposition in this case wherein he claims to be the sole inventor. So that it may be said, for the purposes of this question of fact, that the testimony of Smith is neutralized by his conduct in applying for and obtaining a patent; and this leaves the question, as to whether or not Smith was the sole inventor, to the testimony of Blades, the other witness called by the defense upon this point, and Blades' testimony goes to show that Shannon and Smith were consulting together and acting together in perfecting and completing the invention. Smith was a mechanic, and it would seem, both from his own testimony and that of Blades, that he was attempting to invent a letter-file, and that what

he was doing was done under the constant supervision and criticism of Shannon, and from the testimony it would seem that suggestions were made from time to time by Shannon; and the court at this time, and in the light of the testimony before it, cannot see but what the ideas embodied in the machine were as essentially those of Shannon as of Smith. Hence the defense that the patent is void, because of Smith's being the sole inventor, is not sustained.

The defendants manufacture and sell a letter-file consisting of receiving wires, upon which the papers to be filed are strung, and arched wires adapted to come in contact with the receiving wires, so as to form, with the receiving wires, a continuous ring or arch, upon which the papers may be turned for the purpose of inspection or examination, the same as is provided for in the complainant's patent, but in the defendant's device the receiving wires are so arranged that they rock forward from out of contact with the arched wires. This seems to me to be merely a colorable change in the construction of the device; the transfer of the function of movement from the vibrating wires to the receiving wires is merely such a change as, with the complainant's patent before him, any mechanic might readily make, and is but an attempt at an evasion of the idea covered by the complainant's patent. The case seems to me to come closely within the principle announced in *Adams* v. *Manufacturing Co.*, 3 Ban. & A. 1, where it was said: "Changing the position of a part of a machine does not avert infringement, where the part transposed performs the same function as before." I therefore find that the complainant's patent is valid, and that the defendant's infringe, and a decree may be prepared accordingly.