SHANNON *v.* J. M. W. JONES STATIONERY & PRINTING Co..

*(Circuit Court, N. D. Illinois.*   October 31, 1881.)

1. LETTERS PATENT—PAPER-HOLDERS—INFRINGEMENT.

> Letters patent No. 217,909, issued July 29, 1879, to Frederick W. Smith and James S. Shannon, for an improvement in paper-holders, are valid and infringed, as to claims, 1, 2, 3, 4, and 7, by the defendant's device.

*Jesse Cox* and *Homer N. Hibbard,* for complainant.

*N. C. Gridley,* for defendant.

BLODGETT, D. J.   This is a suit for injunction and damages for an alleged infringement, by defendant, of patent No. 217,909, issued July 29, 1879, to Frederick W. Smith and James S. Shannon, and which is now held by complainant, for an "improvement in paper-holders."   The defence set up is want of novelty and non-infringement.   The character and scope of the invention are set out by the patentees in their specifications as follows:

> "Our invention relates to that class of paper files or temporary binders adapted, by having separable uniting wires, to allow of the withdrawal of any one of many papers thereon held, or the insertion of papers between those already on file, without disturbing the order in which the others are placed. The object of our invention is to provide a file more prompt and positive in its action, less calculated to tear the papers filed thereon, more convenient of manipulation, and adapted, in its double form especially, to serve as a writing tablet for the lap or desk.   It consists in a paper-holder with duplex parallel hinged transfer wires, made from one piece, having the fixed wires and movable wires secured to the same connecting plate, whereby those parts may be separately packed and attached to any desired base-board; in the structure of the puncturing wire; in a felt or plush covering for the bottom of the base-board; in the stop to limit the movement of the hinged wires.   Figure 1 is a perspective view of a double or duplex file applied to a tablet, showing the fixed wires as being tubular and the movable wires solid.   It also shows the movable or transfer wires formed of a single piece of wire, bent, in its connecting or horizontal position, in the shape of a crank, and hinged near its angles."

Another feature of the device, as described and claimed, is that the fixed and movable wires are attached to a single plate, removable from the tablet, which allows the parts to be separately packed for transportation.   The leading idea of this device is the two puncturing spindles, and the transfer wires, so arranged to operate with each other as to form two continuous parallel rings, upon which papers may be held in place, and yet permit the easy opening of the rings for the removal or insertion of a paper, without the displacement of the others.   Standards or spindles for holding papers in place are old,

and so, too, was a bent puncturing wire with another wire so arranged as to form with the puncturing wire a ring on which papers could be transferred from the puncturing wire, and a paper removed or a new one placed on the file within the package. This is shown in the Hauxhurst file, one of defendant's exhibits in the case. This file lacks many of the elements of convenience and utility which are obviously furnished by the complainant's file—*First,* it is a hanging file; *second, it has only one wire.* Papers cannot be so easily looked over, examined, or removed, or new ones inserted, as in the other file. It also lacks the feature of ready removability of parts, so as to admit of close packing for transportation. Yet this, as well as the Billow file, and the Buell and Lilley file-holder, shown in the proof, must be held to limit the scope of the complainant's device. But none of the devices antedating the complainant's patent show a practical duplex paper-holder with a tablet, and arranged with more than one parallel ring composed of puncturing and transfer wires, operating together, as shown by complainant's device.

It seems very evident from the proof that these inventors made an improvement in the art to which their device belongs, which, while it may, in some degree, have been suggested, had not been accomplished by any or all their predecessors; and that this was a substantial and useful improvement is shown by the number of paper-holders which have been brought before the public since Smith and Shannon's invention, which in all essential particulars seem to embody their device. The proof shows something *over 30 devices, embodying substantially the Shannon device,* which have entered the field since his patent went before the public, showing that the public accepted this form of file-binder, or paper-holder, as new and useful beyond anything of the kind before produced; and the proof shows that a large demand at once sprung up for complainant's device, which has continued, except so far as it has been impaired by interfering devices. I therefore conclude that this patent cannot be held void for want of novelty.

Upon the question of infringement there can be no doubt but that defendant's paper-holder contains the same essential elements which have made the complainant's holder a success. The puncturing and transfer wires are so arranged as to form parallel rings. The transfer wires are so joined as to be, for all substantial purposes, the same as those of the complainant. Their mode of operation and effect, their function in the organism, are the same in both devices.

The defendant insists that by the terms of the complainant's pat-

ent his transfer wires must be formed of a "single piece of wire," but the connecting bar between defendant's wire makes them, for all practical purposes, one wire, and I discover nothing in the proof that leads me to conclude that the complainant was, by the state of the art when he entered the field, to be confined to so literal and narrow a construction of his patent as would relieve the defendant from infringement because its transfer wires are made of two pieces of metal instead of one. If the proof showed that other double transfer wires had been made prior to complainant's patent, which performed substantially the function of the complainant's or defendant's transfer wires, then the point might be well taken. But it seems to be a necessity for the operation of these double transfer wires that they shall be so connected together as that the lifting of one will lift the other to the same extent in the same direction so as to retain the parallelism of the rings. And this appears to be most readily accomplished by making the two wires in one piece. But that does not allow an infringer to cut out a section of this wire and insert another piece of metal in the place of that cut out, and then insist that it does not infringe, when the metal inserted performs the same function as that removed. I find, therefore, that defendant's paper-holder infringes the first, second, third, fourth, and seventh claims of the complainant's patent.

The seventh claim is for a stop. A stop is necessary for the proper working of the device in order to prevent the transfer wires from slipping past the points of the puncturing wires, as the transfer wires operate by a spring. If there was not a device for stopping them as they strike on the bevel, they would not make a perfect joint or connection at their point of contact; and therefore the complainant, in his device, has a stop upon his spring, so that the crank, as he calls it, strikes upon the stop and prevents it from passing any further. The defendant has two stops operating substantially the same way in his device, and for the same purpose, although he has arranged them differently; yet they perform the same function, and are, undoubtedly, substantially the same stop, though somewhat differently constructed.

My conclusion, then, is that there is an infringement of this patent shown clearly, and although it is a patent for a device of minor consequence, yet, at the same time, it is just as much entitled to protection as though it was for the most important piece of machinery ever devised. There will be a decree for an injunction, and a reference to ascertain and report profits and damages.