## WANAMAKER *v.* ENTERPRISE MANUF'G CO.

### (Circuit Court of Appeals, Third Circuit. January 27, 1893.)

### No. 16.

1. PATENTS FOR INVENTIONS—COMITY BETWEEN CIRCUITS.
   A circuit court should follow the decision of another circuit court upholding a patent, except when new evidence of invalidity is introduced, and in the latter event should confine its investigation to the additional evidence. National Cash Register Co. v. American Cash Register Co., 53 Fed. Rep. 367, followed.

2. SAME—CIRCUIT COURT OF APPEALS.
   The rule of comity between circuit courts in respect to decisions in patent cases does not apply to the circuit court of appeals, and the latter court will examine independently all the questions presented by the record.

3. SAME.
   The first claim of letters patent No. 271,398, issued to John G. Baker. January 30, 1883, for improvements in mechanism for cutting up plastic or yielding substances, consisting of a machine in which the sole reliance for cutting is upon a knife or other cutting device, operating in conjunction with a perforated plate at the points of discharge from the casing, and in which there is no intentional disturbance of the substance to be cut other than to force it forward before it reaches the plate, is not invalid because of anticipation. 46 Fed. Rep. 854, affirmed. Enterprise Manuf'g Co. v. Sargent, 28 Fed. Rep. 185, and 34 Fed. Rep. 134, approved.

4. SAME—INFRINGEMENT.
   This claim is infringed by a machine which contains all of the elements enumerated therein, although there is some unintentional disturbance caused by the forcing apparatus in the substance to be cut before it reaches the plate. 46 Fed. Rep. 854, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

In Equity. Bill by the Enterprise Manufacturing Company against John Wanamaker, as a seller of a meat-cutting device, for infringement of letters patent No. 271,398, issued January 30, 1883, to John G. Baker, for improvements in mechanism to cut up plastic or yielding substances. The circuit court found that the first claim was valid, and that defendant infringed the same, but that he did not infringe the second claim, and accordingly entered a decree for infringement of the first claim. See 46 Fed. Rep. 854. Defendant appeals. Affirmed.

The first claim of the patent reads as follows:

"The combination, in a machine for cutting up plastic or yielding substances, of the following instrumentalities, namely: First, a casing for containing the substances to be cut up; second, a perforated plate at or near the end of the casing; third, a device for forcing the crude mass forward in the casing and against the said plate without otherwise disturbing the integrity of the said mass; and, fourth, a knife operating against the inner face of the plate, and serving as the sole means, in connection with the said plate, of cutting up the mass by severing therefrom the portions which enter the perforations; all substantially as set forth."

### In the opinion delivered by the circuit court it is said:

"The first claim is clearly and precisely stated. Its essential elements are the casing; the perforated plate; the forcing device, which drives the mass forward without otherwise disturbing its integrity; and the knife operating

against the inner surface of the plate, and serving as the sole means, in connection with the plate, of cutting the mass."

The circuit court further said in respect to the alleged infringing device:

"The defendant's machine is accurately described by these terms. It contains each of the elements named. It has in combination the cylinder or casing, a forcing device, a perforated plate, and a knife operating against its inner side, serving as the sole means, in conjunction with the plate, of cutting up the mass. The fingers and cylinder are so constructed that their coaction operates to force the mass forward, while the sharpened edges or flat sides of the former act as knives, and sever the particles of meat or other plastic substance, as they enter the perforations in the plate. In principle, operation, and effect it answers the descriptive terms of the claim. It shows marked structural differences, but they are unimportant."

Horace Pettit, for appellant.
Charles Howson, for appellee.

Before DALLAS, Circuit Judge, and WALES and BUFFINGTON, District Judges.

DALLAS, Circuit Judge. This suit was for infringement of claims 1 and 2 of patent No. 271,398, issued to John G. Baker upon January 30, 1883, for an "improvement in mechanism to cut up plastic or yielding substances." The circuit court decided that the second claim was not infringed, and therefore the first claim is the only one for consideration here. The defenses were and are that the patent is invalid; and that, even if valid, it is not infringed. This claim had been twice before the circuit court for the district of Connecticut, by which its validity was considered,—first on motion for preliminary injunction, and afterwards upon final hearing. On both occasions it was sustained. Enterprise Manuf'g Co. v. Sargent, 28 Fed. Rep. 185, and 34 Fed. Rep. 134. The circuit court here was asked to consider the whole subject anew. This it declined to do, but, accepting the prior decision of the circuit court in Connecticut as determinate of the effect of the evidence upon which it had been based, confined its own investigation to the additional evidence introduced in this case. This was precisely accordant with well-settled and approved circuit court practice. National Cash Register Co. v. American Cash Register Co., 53 Fed. Rep. 367, (decided by this court at this term.) That practice, however, is not applicable to this court; and we therefore have independently examined the entire record before us, irrespective of the decision of Judge Shipman, to which we have referred, and in review of the decree now appealed from. This examination has, nevertheless, fully satisfied us that (so far as presently material) both are right; and the two opinions, taken together, so amply sustain the conclusion reached by the court below in this case as to render it wholly unnecessary to add anything in its support.

The decree of the circuit court is affirmed, with costs.