OFFICE SPECIALTY MANUF'G CO. v. WINTERNIGHT & CORNYN MANUF'G CO.

(Circuit Court, E. D. Pennsylvania. May 14, 1895.)

No. 30.

1. CIRCUIT COURTS—FOLLOWING DECISIONS IN PATENT CASES—COMITY.
   Conclusive effect is accorded by each of the federal circuit courts to prior judgments of any of the others in patent cases, where the patent, the question, and the evidence are the same in both suits, not on the ground of comity alone, but with the practical and salutary purpose of avoiding repeated litigation and conflicting decrees upon matters which, having been passed upon by one court of first instance, ought to be referred to a court of appeal for authoritative determination.

2. SAME—PAPER HOLDERS.
   The Smith and Shannon patent, No. 217,909, for an improvement in paper holders, *held* not anticipated by the English patent to Stephen Dixon, of November 9, 1864; and also *held* infringed as to claims 1, 2, 3, and 5.

This was a bill by the Office Specialty Manufacturing Company against the Winternight & Cornyn Manufacturing Company for infringement of a patent relating to paper holders.

Church & Church, for complainant.
Hector T. Fenton, for defendant.

DALLAS, Circuit Judge. This suit is for an injunction against and an accounting by the defendants, who, it is alleged, infringe claims 1, 2, 3, and 5 of letters patent No. 217,909, granted to Frederic W. Smith and James S. Shannon upon July 29, 1879, for "improvement in paper holders." This patent has been twice before the circuit court for the Northern district of Illinois. Upon the first occasion, claims 1, 2, and 3 were considered, and upon the second occasion all the claims now in question were involved. In both cases the validity of the patent was upheld. Shannon v. Printing Co., 9 Fed. 205; Schlicht & Field Co. v. Chicago Sewing-Mach. Co., 36 Fed. 585. This court will not examine anew the question which has thus been adjudicated, but will accept the decisions referred to as determinate of the effect of the evidence upon which they were based. Wanamaker v. Manufacturing Co., 3 C. C. A. 672, 53 Fed. 791. If the rule here adverted to were one of "comity" merely, it would, I think, be impossible to justify its derogation from the right of suitors to the veritable judgment of the tribunal to which any particular case is confided for decision. Upon general questions of law, the views

of courts of co-ordinate jurisdiction are always regarded with respectful consideration, but never as controlling. In patent causes, however, conclusive effect is accorded by each of the circuit courts of the United States to a prior judgment of any other of them, wherever the patent, the question, and the evidence are the same in both suits, not on the ground of comity alone, but with the practical and salutary object of avoiding repeated litigation and conflicting decrees in the courts of the several districts upon matters which, having been once passed upon by a court of first instance, ought to be referred to a court of appeal for authoritative determination. National Cash-Register Co. v. American Cash-Register Co., 3 C. C. A. 559, 53 Fed. 370. Defendant's counsel has directed attention to two decisions, both of later date than either of those made by the circuit court in Illinois, which, he contends, should prevent the latter from having conclusive effect; but it is only necessary to read the opinions in the two cases referred to, in order to perceive the futility of this contention. In Office Specialty Manuf'g Co. v. Globe Co., 65 Fed. 599, the patent was not the same as in this case; and in Office Specialty Manuf'g Co. v. Cooke & Cobb Co., 64 Fed. 133, the application was for a preliminary injunction, and upon the ground that the question of patentable invention was, "to say the least, a doubtful one," an injunction was denied; but the court did not regard the question as open even to the admission of a doubt, except as it was affected by evidence which had not been adduced in the Illinois cases. This new evidence consisted of a certain "English file," which has not been introduced here, and of the "Dixon patent," which, as it also constitutes the only substantial additional evidence in the present case, will now be considered. That patent is an English one to Stephen Dixon (No. 2,780), dated November 9, 1864. In the absence of any expert testimony to explain it, I might, perhaps, properly decline to pass upon this patent. Waterman v. Shipman, 5 C. C. A. 371, 55 Fed. 987. I have, however, examined it, with the aid of the ingenious suggestions of counsel, and believe that, if it had been before Judge Blodgett in the cases in the Illinois district, it would not have affected his conclusion. It clearly appears that he was of opinion that the patent then and now in suit covered several material features which are not shown by the Dixon patent; and my own investigation of that patent satisfies me that, in several other essential particulars as well, it falls very short of being an anticipation. But I content myself with applying to it some of the remarks made by Judge Blodgett with relation to certain other earlier patents, viz.: "It also lacks the feature of ready removability of parts so as to admit of close packing for transportation"; and it does not "show a practical duplex paper holder, with a tablet, and arranged with more than one parallel ring, composed of puncturing and transfer wires operating together, as shown by complainant's device."

Upon the question of infringement, I do not deem it necessary to enter upon a comparison of the two devices. When examined side by side, and in the light of the construction given to the claims in

suit by the court in Illinois, and of all the expert testimony in this case, it appears to me to be plain that the defendant's file embodies all the elements of the plaintiff's contrivance, and that the former accomplishes precisely the same objects as the latter, and in substantially the same manner. A decree for the plaintiff upon all the claims involved will be entered.