ENTERPRISE MANUF'G CO. OF PENNSYLVANIA v. SNOW et al.

(Circuit Court, D. Connecticut. February 15, 1896.)

No. 822.

1. PATENTS—INFRINGEMENT—COMBINATIONS.

There is no infringement where the defendant's machine accomplishes the results of the patented invention by the substitution of a device which the invention dispensed with. Westinghouse v. Air-Brake Co., 59 Fed. 581, and Westinghouse Air-Brake Co. v. New York Air-Brake Co., 11 C. C. A. 528, 63 Fed. 962, followed.

2. SAME—MEAT CUTTERS.

The Baker patent, No. 271,398, for an improvement in meat cutters, construed, and held not to be a primary invention entitled to a broad range of equivalents, and held not infringed.

This was a bill by the Enterprise Manufacturing Company of Pennsylvania against Levi T. Snow and others, for alleged infringement of a patent for a meat cutter.

Howson & Howson (C. E. Mitchell, of counsel), for complainant.

Albert H. Walker, for defendants.

TOWNSEND, District Judge. The complainant herein asks for an injunction and accounting by reason of the alleged infringement of patent No. 271,398, granted January 30, 1880, to John G. Baker, and alleged to have been assigned to complainant herein.

The patented improvement belongs to that class of machines in which revolving disk or screw devices and cutters are combined for subdividing masses of meat into small fragments of comparatively uniform size. The patent in suit has been fully considered, and its validity sustained by Judge Shipman in Enterprise Co. v. Sargent, 28 Fed. 185, 34 Fed. 134, and by Judge Butler in the suit of Wanamaker v. Manufacturing Co., 3 C. C. A. 672, 53 Fed. 791. These adjudications establish the fact of invention, in view

of the art then before the court, and define and classify its character and scope. They show that said Baker was the first inventor of a meat cutter, from which all preliminary cutting devices were eliminated, and in which the sole reliance for cutting was upon a knife device operating upon perforations in a discharge plate against which the said mass of meat was forced, without prior intentional disintegration of the said mass.

Baker's cutter comprises the combination of a cylindrically shaped, longitudinally grooved casing to receive and retain the crude mass, increasing in diameter towards its outer end, and a piston, or, preferably, a screw the thread of which revolves within said casing, and a system or series of knives attached to the base of said screw, and rotating upon a stationary perforated plate. The revolution of said screw, in connection with said grooves, forces the mass continuously against the perforated plate, and causes said rotating knives to sever the portions of said mass which project into said perforations, and to thus cut the whole, or nearly the whole, of said mass into pieces of practically uniform size. Patent No. 43,520, granted to Purchas Miles, July 12, 1864, represents the prior art as shown at said former hearings, so far as it is material herein. Patent No. 32,852, granted July 23, 1861, to Calvin Adams, is the only additional evidence on said point introduced at this hearing. The Adams machine comprises a cylindrical casing, with spirally inclined cams, and forcing or cutting ribs, and a revolving screw disk, also provided with forcing cams and cutting cams, and which is perforated near its outer circumference. The revolution of the disk causes the cams to carry the meat along between the cutting ribs, which, working together like shears, cut the meat, and deliver it against, and out through, the perforations. In the Miles machine the preliminary cutting before the mass reached the perforated plate was accomplished by stationary and rotating knives, which sheared the meat as it passed along. Otherwise, its construction was similar to that covered by the patent in suit. Defendants' machine has a cylindrically shaped casing like those of Miles and Baker, but the ribs therein are spiral, with cutting edges, like the Adams construction. The screw is in part like Miles' or Baker's, but it terminates in a circular base having perforations in a collar extending therefrom, similar to Adams', which, in connection with the cutting edges of the ribs, at the lower or outer end of the casing, perform substantially the same functions as the revolving knife blades and perforated stationary base of Baker.

Counsel for complainant argues that defendants have failed to support the defense of noninfringement by expert testimony as to the construction or operation of the various exhibits. But the practice, followed upon the hearing, of exhibiting the construction of the different machines, and comparing their operation by practical tests with masses of meat, was sufficient, and quite as satisfactory for understanding such simple devices as are presented herein. From the whole evidence, taken together, the following

facts appear: The practical operation by complainant of two Adams machines, one with and one without perforators, showed two things: First, that there was very slight independent, continuous, progressive motion therein, but that the strips had to be forced into the cutter by hand; second, that the masses of meat were already ground or severed into small pieces by the narrow contacting cutters before reaching the perforations, and that the office of the perforations was to further subdivide such unground portions, or to cut such portions as might not have been sufficiently severed by the grinding cutters. The practical operation of complainant's and defendants' machines showed that, in each, the screw independently forced the meat forward towards the perforations under great pressure, and that, in defendants' machine, there was a preliminary longitudinal cutting, amounting to a severance of the mass, before the meat reached the perforations, which, if repeated, was sufficient to reduce the strips to hash, while in complainant's machine the masses of meat were indented by the forcing ribs, but were not, ordinarily, preliminarily severed. There is considerable conflict upon this latter point, but the testimony of complainant's expert, and the further experiments with machines from which the perforations were removed, confirm this view. This incidental preliminary indentation, caused by the forcing apparatus of complainant's machine, is only material in so far as it serves to show similarity of construction or operation. As was pointed out by Judge Shipman, a certain amount of abrasion and consequent incidental disintegration of the meat is necessarily caused in the forcing process.

Complainant's patent comprises four elements,—a casing, a forcing screw, a stationary perforated plate, and a revolving spindle provided with knives. It is limited to a construction which relies solely upon the perforations and the knives to effect the cutting, and covers, as means for imparting direct pressure to the mass, a piston or forcing screw. The defendants' device comprises but two elements,—a casing, and a forcing screw disk. The screw forces, and, sliding upon the casing ribs, cuts. The perforations therein, rotating on said ribs, complete the cutting. There is neither a stationary plate nor a revolving knife. If Baker were a primary inventor, as is claimed by complainant, a closer question of infringement would be presented. But his patent admits the presence in the prior art of the perforated plate and knife of the Miles patent, which employed also the forcing screw. What Baker did, as shown by the prior decisions, was to eliminate the intermediate cutter, and permit the mass to be directly forced between the knives revolving across the perforated plate. "The Baker machine is not so palpable an improvement over the Miles patent of 1861 as it is over the Miles patent of 1864; but it is an improvement of the same kind, which introduced a new operating principle into the machine, and evinced invention. * * * The main object of the patentee was to construct a machine which should get rid of the supposed necessity of preliminary cutting or chopping knives, and rely for its cutting character entirely upon the plate and knife at

the end of the casing. * * * The cutter is an actual, and a commercial, success. It is far simpler than the Miles cutter, being composed of a much less number of parts, and is more easily taken care of and cleaned. That it is a patentable invention, as an improvement upon the Miles or Coffman machines, seems obvious. To discard the stationary and revolving knives of Miles, and to rely upon the screw, either with or without the corrugating shoulders, to force the material along and upon the knife inside the perforated plate, to cut it, and thus to make a cheaper, simpler, and more easily cared for machine, was the work of an inventor. * * * To make an effective meat-cutting machine, this combination had not been found by prior inventors, although they had been close to it. * * * In this case, the machine is a simple one; but it is manifest that the inventor accomplished a new and beneficial result by means which other people had been near to, and apparently wanted to find, but failed to see. The skill of his predecessors did not produce the idea which was to make an efficient improvement. Baker produced it, and is entitled to be styled an inventor." Judge Shipman in Enterprise Co. v. Sargent, supra. The prior art showed in Adams' a revolving screw disk provided with cutting ribs, in which respect it was like defendants' device. It lacked, however, the forcing screw, which was an essential feature of the Miles patent.

Complainant's expert, admitting that defendants' machine has a casing, perforations, and knives, similar to those of Adams', differentiates Adams' therefrom by the absence of an efficient forcing device. Defendants have merely added the forcing screw of Miles to the screw disk of Adams, and so adapted it to the old Adams cutting ribs as to secure the preliminary cutting with which Baker's construction dispensed. Baker says:

"In my invention, reliance for cuting up the substance is placed entirely on the plate and the knife and a device for imparting direct pressure to a crude, uncut substance against the plate, without any action on the substance during its passage to the plate, excepting that for effecting the desired pressure."

I think this improvement falls within the principle applied in Westinghouse v. Air-Brake Co., 59 Fed. 581, and affirmed in Westinghouse Air-Brake Co. v. New York Air-Brake Co., 11 C. C. A. 528, 63 Fed. 962. There the alleged infringing device accomplished the result of the patented invention by the substitution of a device which the patented invention dispensed with, and on that ground it was held that there was no infringement. Here, the patented improvement, as found by Judge Shipman, consisted in discarding the preliminary cutting. The defendants' machine retains and uses a preliminary cutting device found in the prior art. The construction and operation of defendants' perforations and knives are unlike Baker's and are like Adams'. In defendants' device reliance is not entirely placed on a plate and knife, and a crude, uncut substance is not pressed against the plate. Baker improved upon Miles'. Defendants improved upon Adams'. The Adams screw and ribs are not so longitudinally curved as those of Miles. Those of Miles are not so longitudinally curved as those of complainant's and defendants' machines. But even Adams

FEDERAL REPORTER, vol. 72.

secures some pressure from such curves in a portion of the screw and ribs, and the difference between the first construction and the last is a mere difference of degree, which produces an analogous and unpatentable result. Defendants' machine is not the machine illustrated, described, and claimed in the Baker patent. And while Baker does not limit himself to such structure, in the view herein taken of said patent he is not entitled to claim such a broad class of equivalents as would embrace the defendants' machine. The state of the prior art precludes him from claiming said construction, every feature of which is found in prior cutters, especially when it neither appropriates the form nor accomplishes the essential function of his device.

Counsel for complainant strenuously claims that the Baker patent is a pioneer patent. But the foregoing citations from the opinions of Judge Shipman show that the mechanical functions performed by the patent in suit were not, "as a whole, entirely new," but that Baker was "a mere improver upon a prior machine, which was capable of accomplishing the same general result." Machine Co. v. Lancaster, 129 U. S. 263, 275, 9 Sup. Ct. 299. Even the uniform cutting was obtained by Adams, as stated in his patent:

"And it will be seen that, as the openings have cutting edges, and pass the stationary cutters, the meat must be uniformly cut, and free from strings or long pieces."

I do not find, in the prior decisions of the courts, anything which indicates that Baker was a pioneer inventor. He made a simpler, cheaper, and better machine by the omission of certain preliminary cutters. The new evidence as to Adams serves a double purpose. It still further narrows the Baker invention, and supports the claim of noninfringement by these defendants, who, by practically adopting the Adams construction, and adding the forcing screw of Miles, have made a still simpler device consisting of two parts only. The defendants' machine, by reason of its selection and combination of elements shown in the prior art of meat choppers, by its close resemblance to such constructions, and by its radical departure in construction and operation from the vital and essential elements of the patented improvement, is so differentiated therefrom that it does not infringe.

These conclusions render it unnecessary to consider complainant's failure to prove its title to the patent in suit. Let the bill be dismissed.