OFFICE SPECIALTY MANUF'G CO. v. COOKE & COBB CO.

(Circuit Court, S. D. New York. April 14, 1896.)

1. PATENTS—VALIDITY—PAPER HOLDER.
    The Smith & Shannon patent, No. 217,909, for a paper holder, *held* valid and infringed (following prior adjudication).

2. SAME—LIMITATION OF FOREIGN PATENT—COMPRESSOR FOR PAPER FILES.
    The Cleague patent, No. 312,086, for a compressor for paper files, *held* to have expired with a previous German patent, obtained, not in the

name of the inventor or the owners, but in connection with the interests of the owners.

3. SAME—INVENTION—ALPHABETICAL INDEX.

There is no patentable invention in extending every other letter of an alphabetical index, outward from, instead of in front of, the one above, making two rows instead of one, and thus shortening by one-half the length of the exposed parts of the sheets.

4. SAME—INDEX FOR PAPER FILES.

The Shannon patent, No. 331,259, for an index for paper files, *held* void for want of invention.

This was a suit by the Office Specialty Manufacturing Company against the Cooke & Cobb Company for alleged infringement of three patents relating to paper files.

Frederick F. Church, for plaintiff.

Wilton C. Donn, for defendant.

WHEELER, District Judge. This suit is brought upon patents Nos. 217,909, granted July 20, 1879, to Frederick Smith and James S. Shannon, for a paper holder; 312,086, granted to W. H. H. Cleague, February 10, 1886, for a compressor for paper files; and 331,259, granted to James S. Shannon, November 24, 1885, for an index for paper files. The first has been thrice adjudged valid. Shannon v. Jones, 9 Fed. 205; Schlicht & Field Co. v. Chicago Sewing-Mach. Co., 36 Fed. 585; Office Specialty Manuf'g Co. v. Winternight & Cornyn Manuf'g Co., 67 Fed. 928. Nothing new that appears sufficient to have changed those results has been brought in here, and those decisions are followed.

The invention of Cleague appears to have been made while he was in the employ of Schlicht & Field, and to have belonged to them, and to have been patented in Germany, not in his or their name, but in connection with their interests, by a patent which had expired before this bill was brought. This was not done adversely, nor by a stranger, and nothing surreptitious about it appears; and by force of the statute, which is not confined to the inventor, this patent would expire with the foreign patent. Rev. St. U. S. § 4887.

The third patent is for extending every other letter of an alphabetical index outward from, instead of in front of, the one above, making two rows down instead of one, whereby, as the patent states, "the index-characters upon each two adjacent sheets appear side by side, so that the total length of the exposed parts of the sheets bearing the index-characters is twice as wide, but only half as long, as in similar indexes as heretofore usually constructed." This bringing of the letters into two rows to shorten the length of a single row seems to be too common and mechanical to be patentable.

Decree for plaintiff as to first patent only.