## GENERAL ELECTRIC CO. v. GERMANIA ELECTRIC LAMP CO.

### (Circuit Court, D. New Jersey. December 18, 1909.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—INCANDESCENT LAMPS.

The Branin patent, No. 532,760, for an incandescent lamp and method of manufacturing the same, *held* valid and infringed as to both product and process claims.

In Equity. Suit by the General Electric Company against the Germania Electric Lamp Company. Decree for complainant.

Richard N. Dyer and John Robert Taylor, for complainant.

CROSS, District Judge. There is presented for consideration in this case the usual bill in equity, alleging infringement of a patent, with the customary prayer for an injunction and accounting, while the defendant by its answer denies the validity of the patent, and also denies its infringement. This suit is between the same parties, although upon a different patent, from one in which an opinion will be filed contemporaneously herewith. 174 Fed. 1013. This is referred to solely because the matters in issue are presented in much the same way. In this case, as in that, the defendant has presented proofs intended to show noninfringement, but has presented no evidence of the invalidity of the patent in suit, other than that it has dumped into the case 16 patents in the prior art, without a word of explanation or any expert testimony to show wherein or how, if at all, they disclose or anticipate the invention embraced in the patent in suit. Furthermore, the defendant was not represented at the argument, nor has the court been furnished with any brief in its behalf. The complainant's testimony, except upon the question of infringement, is wholly uncontradicted, unless by inferences to be drawn from the patents alleged to show the prior art. In this situation the patents referred to, under the authorities, need not, and will not, be considered at length.

In Waterman v. Shipman et al., 55 Fed. 982, 987, 5 C. C. A. 371, 376, Judge Wallace, speaking for the Circuit Court of Appeals of the Second Circuit, said:

"To sustain the defense of want of novelty the defendants have set up in their answer, and offered in evidence, a large number of patents prior in date to those of the complainant. In the absence of any expert testimony to explain these patents, or indicate what they contain tending to negative the novelty of the complainant's patents, we do not feel called upon to examine them. There may be cases in which the character of the invention has so little complexity that such expert testimony is not necessary to aid the court in understanding whether one patent, or several patents considered together, describe the devices or combination of devices which are the subject-matter of a subsequent patent; but this is not one of them."

To the same effect are Putnam et al. v. Van Hofe (C. C.) 6 Fed. 897, 902; Fay v. Mason et al., 127 Fed. 325, 333, 62 C. C. A. 159;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Benbow-Brammer Mfg. Co. v. Heffron-Tanner Co. (C. C.) 144 Fed. 429; Bell v. MacKinnon, 149 Fed. 205, 79 C. C. A. 163; Stafford et al. v. Morris et al. (C. C.) 161 Fed. 113; Office Specialty Co. v. Winternight & Cornyn Mfg. Co. (C. C.) 67 Fed. 928; Charmbury v. Walden (C. C.) 141 Fed. 373.

The patent in suit, No. 532,760, was issued January 22, 1895, to one Mark H. Branin, assignor to the complainant. It is for an incandescent lamp, and speaking of his invention the patentee says:

> "My invention relates to incandescent lamps and their manufacture, and particularly to the sealing-in of the wires which convey current to the carbon filament of the lamp, commonly called the 'leading-in' or 'lead-wires' of the lamp, and has for its object to produce an economical form of such seal and one which shall form a secure anchorage for the lamp neck in the collar of the lamp."

The patent includes four claims, two of which are for a method and two for a product, and all are involved. In addition to the presumption of validity, which follows from the issuance of the patent, we have the fact that the application therefor was pending in the Patent Office for upwards of a year and a half; that two of the patents set up in the answer were cited against some of the original claims, which were thereupon canceled or modified, which tends to show that the application, during its pendency, received careful consideration. While, as above stated, it is not deemed necessary to consider the alleged anticipatory patents in detail, it is proper to say that each and every one of them has been considered by the expert witnesses of the complainant, and the characteristics which distinguish them from the patent in suit carefully pointed out. The evidence upon this point, uncontradicted as it is, considered in connection with the several patents to which it relates, satisfies me that the patent is valid. The advantages obtained by its use have also been pointed out, and are of a substantial character, and result, according to the evidence, in the production of a superior lamp at a very considerable reduction of labor and material. In the absence, therefore, of evidence to the contrary, the patent must be upheld.

Furthermore, I think the defendant is shown to have infringed it. The evidence of the complainant consists in the production of lamps manufactured by the defendant, which the evidence shows were manufactured by the method, and are like the product, of the patent in suit. It includes the testimony of witnesses who formerly worked for the defendant, and who described a method in substantial accord with that of the complainant's patent. One of the witnesses of the complainant, an incorporator of the defendant company, testified that the defendant manufactured lamps from April, 1905, to December, 1906, in accordance with the method, and like the product, of the complainant's patent. The secretary and treasurer of the defendant company, and its general superintendent for almost the entire period of its existence, when asked whether the process described in the patent in suit was used by the defendant answered, "Not according to my understanding thereof." Again, he would not swear positively that the method of the defendant, as testified to by two witnesses for the complainant, had not been followed by the defendant, and, when asked by

the counsel of the defendant to explain what he meant by his answer, said that, as he did not personally examine every lamp made in the defendant's factory, he could not say that such method was never used in a single lamp. Moreover, it may be said generally of the defendant's testimony upon the question under consideration that it is vague, hesitating, and uncertain; hence, after careful consideration of all of the testimony in this connection, I find that the complainant has sustained the burden of proof imposed upon it, and has satisfactorily shown that the defendant has infringed both the method and product claims of the patent.

A decree for the complainant will therefore be entered, with costs.