## SCHMEISER MFG. CO. v. LILLY et al.

(Circuit Court, D. Oregon. February 27, 1911.)

No. 3,538.

1. PATENTS (§ 297*)—INFRINGEMENT—INJUNCTION—EFFECT OF PRIOR ADJUDICATIONS.

In patent cases, conclusive effect is accorded by each of the Circuit Courts to a prior judgment of any one of them, whenever the patent, the question, and the evidence are the same.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*]

2. PATENTS (§ 288*)—SUITS FOR INFRINGEMENT—EQUITY JURISDICTION—EFFECT OF EXPIRATION OF PATENT.

The expiration of a patent pending a suit in equity for its infringement does not deprive the court of jurisdiction for the purpose of awarding damages.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 288.*]

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DRAFT EQUALIZER.

The Schandoney patent No. 490,214 for a draft equalizer held valid and infringed.

In Equity. Suit by the Schmeiser Manufacturing Company against John Lilly and Richard McGilvery. Decree for complainant.

Charles E. Townsend and Wm. L. Brewster, for complainant.
E. V. Littlefield and W. R. Litzenberg, for defendants.

BEAN, District Judge. This is a suit for an injunction against and an accounting by the defendants who, it is alleged, infringed letters patent No. 490,214, granted to P. V. Schandoney in January, 1893, for a draft equalizer. The validity of the patent has been before the Circuit Court for the Northern district of California and for the Eastern district of Washington, and in both cases was contested and the patent upheld upon substantially the same testimony as in the present case.

[1] This court will not examine anew the question which has been thus adjudicated, for in patent cases conclusive effect is accorded by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

each of the Circuit Courts of the United States to a prior judgment of any one of them, wherever the patent, the question, and the evidence are the same in both cases. Office Spec. Mfg. Co. v. Winternight & Cornyn (C. C.) 67 Fed. 928; Wanamaker v. Enterprise Mfg. Co., 53 Fed. 791, 3 C. C. A. 672.

Upon the question of infringement, I do not deem it necessary to enter upon a detailed examination of the evidence or comparison of the two devices. It appears plain to me that the Hines patent, which was being used by the defendants at the time this suit was commenced, embodies all the essential elements of the complainant's patent. They were both intended and designed for the same purpose and perform the same office in substantially the same way. The differences consist wholly in structural details, but the fundamental essential of the two patents is the same.

[2] The complainant's patent has expired since the commencement of this suit, but that does not deprive the court of jurisdiction of the case for the purpose of awarding damages. Ross v. Ft. Wayne, 63 Fed. 466, 11 C. C. A. 288.

[3] Decree will be entered in favor of complainant, and the case referred to a commissioner to ascertain and report the amount of damages, if any. Costs will be determined upon final hearing.